ANDERSON v. VAN RIPER.

(Supreme Court, Appellate Term. February, 1911.)

1. MASTER AND SERVANT (§ 258*)—INJURY TO CHAUFFEUR—PLEADING—NEGLIGENCE—SUFFICIENCY.

Allegations that, in employing plaintiff as chauffeur, defendant told him that the automobile was in good order, that after satisfying himself that it was in running order, to external appearance, plaintiff pulled out the starting lever, and through some latent defect it flew back, injuring him, that the injury resulted from defendant's negligence, and that inspection, as required by law, would have disclosed the defect, were insufficient to show negligence, or the cause of the accident.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 258.*]

2. WORDS AND PHRASES—"LATENT."

"Latent" means not discernible by examination.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, p. 4011.]

3. MASTER AND SERVANT (§ 205*) — DEFECTIVE APPLIANCES — ASSURANCE OF SAFETY.

An employé, who did not rely on assurance of the safety of an automobile, and examined it himself, cannot predicate liability thereon.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 547–549; Dec. Dig. § 205.*]

Appeal from City Court of New York, Special Term.

Action by Henry Anderson against Mary Van Riper. From an order overruling a demurrer to the complaint, plaintiff appeals. Reversed, and demurrer sustained.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Bertrand L. Pettigrew, for appellant.
B. C. Chetwood, for respondent.

PAGE, J. The complaint in this action alleges that the plaintiff is, and for four years last past has been, a chauffeur engaged in the running of automobiles in the city of New York; that the defendant

was the owner of a Peerless car; that on the 10th day of April, 1910, said defendant, by her husband and agent, hired and employed plaintiff to operate said automobile, and ordered him to go to the garage, where the automobile was kept, and begin the service of such employé, stating the said automobile to be in good order; that plaintiff accepted such service, and went to the garage, and found the car; that after duly examining said car, and satisfying himself that it was in running order as far as external appearance went, plaintiff pulled the starting lever; that owing to some latent defect, not discernible by plaintiff's examination, said handle or lever flew back and fractured plaintiff's right arm in three places. Then follow allegations as to pain, suffering, medical attendance, loss of time, and other elements of his damage; that said injury was caused by the negligence of the defendant and her agents and employés; that the inspection required by law would have shown the defect, and prevented said injury; upon information and belief, that no such inspection, and no proper inspection, was made, as required by law; and the usual allegation of lack of contributory negligence. The defendant demurred to the complaint for insufficiency.

There is no fact stated to show the defendant to have been negligent. Allegations of conclusions cannot supply this deficiency. There is no duty cast upon the owner of an automobile, by the statutes of this state, to have the same inspected. But if there were a duty, which the master owed to the servant, to make or cause to be made an inspection, it would be necessary to allege facts showing that the neglect to inspect the car was the proximate cause of the injury. In this case the complaint alleges that "owing to some latent defect, not discernible by plaintiff's examination, the handle or lever flew back." The plaintiff was an expert, having driven automobiles for four years, and if he could not discover the defect, on an examination of the machine, it would appear that he had properly described the defect as "latent"—that is, not visible or discernible by observation—and hence would not have been discovered by the defendant's inspection. But, further, the complaint fails to state sufficiently the facts in relation to the occurrence. Did any portion of the machine break, through a defect in the material? Had any portion of the machine become defective through lack of repair?

If we were allowed to speculate as to the reason of the flying back of the lever, the supposition that it happened through the plaintiff's careless operation would be more in accord with the probabilities than that it happened by reason of some hidden or unexplained defect in the machine itself. No liability can be predicated on the allegation that defendant's agent stated that the automobile was in good order, for the reason that the plaintiff did not rely on the statement, but made his own examination, and no facts are alleged which tend to show that this statement was not true.

The judgment and order should therefore be reversed, with costs to appellant, and the demurrer sustained, with costs to defendant, with leave to the plaintiff to serve an amended complaint, upon payment of such costs, within six days, if he is so advised. All concur.